**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RICHARD W. SIPE, III,** | ) |
| **Petitioner,** | ) ) ) |
| vs. | ) Case No. 09-CV-114-GKF-TLW ) |
| **JIM KEITH, Warden;** **ATTORNEY GENERAL OF THE** **STATE OF OKLAHOMA,** | ) ) ) ) ) |
| **Respondents.** | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Petitioner is a state inmate and is represented by counsel. Before the Court is Respondent's motion to dismiss petition for habeas corpus (Dkt. # 6). Petitioner filed a response to the motion (Dkt. # 8). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition is untimely and Respondent's motion to dismiss should be granted.

### *BACKGROUND*

Petitioner Richard W. Sipe, III, challenges his convictions entered in Rogers County District Court, Case No. CF-2002-542. In that case, Petitioner was tried by a jury and found guilty of Aggravated Manufacture of Controlled Drug (Count 1), Possession of a Firearm While in Commission of a Felony (Count 2), Failure to Affix Tax Stamp (Count 3), and Unlawful Possession of Paraphernalia (Count 4). See Dkt. # 7, Ex. 1. On December 18, 2003, the trial court sentenced Petitioner to sixty (60) years imprisonment on Count 1, ten (10) years imprisonment on Count 2, one (1) in custody of the Oklahoma Department of Corrections (Count 3), and one (1) year in the Rogers County Jail (Count 4), to be served consecutively. Id. Petitioner appealed his conviction to the

Oklahoma Court of Criminal Appeals ("OCCA") where, on March 1, 2005, in Case No. F-2003-1387, his convictions were affirmed. See Dkt. # 7, Ex. 2. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

On August 3, 2007, Petitioner, represented by attorney Julia D. Allen, filed an application for post-conviction relief. See Dkt. # 7, Ex. 3. By order filed April 8, 2008, the state district court denied the requested relief. Petitioner perfected a post-conviction appeal. By order filed February 3, 2009, in Case No. PC-2008-447, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 7, Ex. 4.

On March 4, 2009, Petitioner, continuing to be represented by attorney Allen, filed his petition for writ of habeas corpus (Dkt. # 2).

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but can also commence under the terms of § 2244(d)(1)(B), (C), and (D). In addition, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on May 31, 2005, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed.[1] See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on May 31, 2005, and, absent a tolling event, a federal petition for writ of habeas corpus filed after May 31, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner filed this action on March 4, 2009, or almost three (3) years beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief

---

[1] Ninety days after March 1, 2005, was Monday, May 30, 2005, Memorial Day. Therefore, Petitioner's conviction became final on Tuesday, May 31, 2005.

3

during the relevant period. Petitioner's application for post-conviction relief was not filed until August 3, 2007, or more than one (1) year after the May 31, 2006, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on March 4, 2009, appears to be untimely.

In response to the motion to dismiss, Petitioner argues that under 28 U.S.C. § 2244(d)(1)(D), his one-year period did not begin to run until he hired his present counsel and discovered that he had been denied a fair trial. That claim is without merit. Section 2244(d)(1)(D) provides that the limitations period may begin when the factual predicate of the habeas claim became discoverable with due diligence. The factual predicate for each of Petitioner habeas claims arose either during trial or on direct appeal. Although Petitioner may not have learned the legal significance of the facts until he conferred with his current counsel, knowledge of the legal significance of facts does not trigger application of § 2244(d)(1)(D). See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must understand "simply the facts themselves" rather than "the legal significance of these facts"); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Therefore, § 2244(d)(1)(D) does not apply to make this petition timely.[2]

---

[2] To the extent Petitioner complains that he was deprived of adequate consideration of his claims of ineffective assistance of appellate and trial counsel by the OCCA on post-conviction appeal, his claims were filed within one year of the OCCA's ruling and are timely. Nonetheless, the

Section 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Petitioner does not invoke the doctrine of equitable tolling and nothing in the record suggests that Petitioner is entitled to equitable tolling.

Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period. Respondent's motion to dismiss shall be granted and the petition shall be dismissed with prejudice as barred by the statute of limitations.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus (Dkt. # 6) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 2) is **dismissed with prejudice.**

3. A separate Judgment shall be entered in this matter.

DATED THIS 14th day of December, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

claims are not cognizable on federal habeas corpus review. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998) (claims focusing only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration state no cognizable federal habeas claim).